PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY KEITH CLINTON, | ) | |
| | ) | CASE NO.  4:25-CV-01010 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 1, 3, 10, 13, 14] |
| | ) | |

*Pro se* Plaintiff Gregory Keith Clinton filed this civil rights action against the United States of America.  ECF No. 1.  Pending also before the Court are *pro se* Motions: Motion for Subpoena (ECF No. 3); Motion for Default Judgment (ECF No. 10); Motion to Determine (ECF No. 13); and Motion to Determine (ECF No. 14).  Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 2), which the Court grants by separate Order.

For the following reasons, the Court dismisses this action.

## I. Background

Plaintiff's Complaint is a narrative of disjointed statements.  The Complaint begins with a statement of claim that appears to address "standing" and "injury in fact."  ECF No. 1 at PageID ##: 3-6.  Plaintiff states that the United States District Court failed to establish injury in fact and has suffered no injury in fact.  ECF No. 1 at PageID ##: 3, 6.  He divides the remainder of the Complaint into sections on Maxims and Principles of Jurisdiction; Maxims and Principals of Adjudication; Maxims of Practice and Pleadings; and Laches and Its Effects.  ECF No. 1 at PageID ##: 7-18.

(4:25CV1010)

To the extent they are intelligible, Plaintiff's arguments can be distilled to his belief that (1) the United States lacked jurisdiction to bring criminal charges against him in the West Virginia case which resulted in his incarceration, (2) the United States is illegitimate, (3) Plaintiff was not served by the United States in his West Virginia case meaning the West Virginia District Court lacked jurisdiction, (4) the United States lacked good cause to file criminal charges against him, (5) his property rights were violated, and (6) his case is timely because the United States acted with fraud and Plaintiff was ignorant of the fraud. *See generally* ECF No. 1 at PageID ##: 3-18.

Plaintiff attaches to his Complaint various documents related to his West Virginia criminal case (ECF Nos. 1-1, 1-2, 1-5, 1-6, 1-7), his birth certificate (ECF No. 1-3), a letter from the Department of Justice concerning a criminal investigation of Plaintiff (ECF No. 1-4), and a copy of the "Neutrality Proclamation" of 1793 (ECF No. 1-8).[1]

Plaintiff requests the following relief: "injunctive relief of equity[;]" all charges terminated and removed from Plaintiff's criminal history; "all charges returned to [Plaintiff] [whether] economic or non-economic"; and a declaration that the United States of America has violated 18 U.S.C. § 242 and the Neutrality Proclamation of April 22, 1793.  ECF No. 1 at PageID #: 21.

Plaintiff has also filed numerous additional documents, including: Memorandum Rule of 93 or Neutrality Proclamation, which references the Neutrality Proclamation of 1793 and states

---

[1] **Error! Main Document Only.** The Neutrality Proclamation of 1793 is a proclamation issued by President George Washington on April 22, 1793, in the wake of war breaking out between France and a group of European allies. *See* Neutrality Proclamation, 22 April 1793, Founders Online, https://founders.archives.gov/documents/Washington/05-12-02-0371 (last accessed Aug. 12, 2025).

(4:25CV1010)

that "anyone who acts in a commercial [manner] with one who is a debtor to another is no longer a neutral party and stands in the place of the debtors" (ECF No. 4 at PageID #: 58); various filings related to Plaintiff seeking default (ECF Nos. 7,  8), an affidavit (ECF No. 5,); filings directed to the Clerk of Courts (ECF Nos. 6, 9, 10); four additional documents titled "Memorandum" (ECF Nos. 4, 11, 12, 15); and one "Notice" (ECF No. 16).  In Plaintiff's Memorandum filed on July 10, 2025, Plaintiff references the USM Form 285 and inquires whether the United States Marshals Service has "started the collection process."  ECF No. 9 at PageID # 93.  Plaintiff's Memorandum filed on August 4, 2025, references the "Chancery Court," includes statements that he is not a "corporate citizen" and is "not subject to its statutes, codes, local rules, or case law," and is signed by Plaintiff as "the real person."  ECF No. 12.  Plaintiff's latest filings to the Court reference the dismissal of his separate civil case (Case No. 4:25-cv-01279-CEF) and argue that it is not "American Law" but "American Justice" which should apply.  ECF Nos. 15, 16.

Plaintiff's Memorandum filed on July 24, 2025, contains one discernible and conclusory claim alleging that he is a "64 year old black man who is on file as being a Sovereign Citizen . . . [and] he does not receive adequate medical care."  ECF No. 11 at PageID #: 103.  He further states that "the court cannot be so naive to believe Mr. Clinton receives the same medical care as if he was a free man."  ECF No. 11 at PageID #: 103.

### III. Law and Analysis

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers.  *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).  However, the "lenient treatment generally accorded to pro se litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Liberal construction for *pro se* litigants does not "abrogate basic pleading

3

(4:25CV1010)

requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's Complaint must give Defendant fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)). Additionally, the Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton*, 504 U.S. at 32-33.

Here, Plaintiff's Complaint, even liberally construed, fails to meet basic pleading standards because it, among other things, fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). The Complaint fails to assert a cognizable claim within the jurisdiction of this Court based on recognized legal authority, and the Court finds there is no cause of action readily identifiable in the Complaint. His mere assertion of the "violation of 5th, 14th, 2nd, 4th, and 6th Amendments" is insufficient to cure the Complaint's deficiencies. Additionally, the Complaint fails to connect any alleged occurrence to any specific or cognizable injury. And Plaintiff's factual allegations are unintelligible. Plaintiff's pleading is an "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff, therefore, fails to meet the minimum pleading requirements of Rule 8, and his complaint must be dismissed. *Id.*

4

(4:25CV1010)

Moreover, even if Plaintiff satisfied Rule 8 pleading requirements, to the extent Plaintiff is asking the Court to vacate his conviction, he cannot obtain that relief in a civil rights action. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent Plaintiff is seeking damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by unlawful actions that would render a conviction or sentence invalid under 42 U.S.C. § 1983, he must first show that the conviction or sentence at issue has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In the absence of such a showing, a complaint for damages must be dismissed. *See Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87). Plaintiff has not made that showing here.

To the extent Plaintiff alleges the defendant violated 18 U.S.C. § 242 (deprivation of civil rights), Section 242 is a criminal statute and provides no private right of action to civil plaintiffs. *See Bey v. Ohio*, No. 1:11 CV 1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) (citing *United States v. Oguaju*, 76 F. App'x 579, 580 (6th Cir. 2003)). And to the extent Plaintiff is attempting to bring criminal charges against the defendant, he lacks standing. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing *Diamon v. Charles*, 476 U.S. 54, 64-65 (1986) as support for its finding a private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts"); *Poole v. CitiMortgage, Inc.*, Civil Action No. 14-CV-10512, 2014 WL 4772177, at *5 (E.D. Mich. Sept. 24, 2014) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) as support for the finding that a private citizen lacks standing to initiate criminal proceedings).

(4:25CV1010)

Plaintiff also alleges, in a conclusory fashion, in his Memorandum filed on July 24, 2025 (ECF No. 11) that he has been denied adequate medical care as an incarcerated individual.  To the extent the Court can construe the Memorandum as part of Plaintiff's Complaint, Plaintiff fails to state a claim.  Plaintiff's purported claim arises, if at all, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (finding district court properly construed action as a *Bivens* action where the plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law).  But a *Bivens* action may only be asserted against an individual.  *See Lenhart v. Savetski*, No. 1:21CV611, 2021 WL 2400946, *3 (N.D. Ohio June 11, 2021) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (stating that *Bivens*'s purpose is to deter individual federal officers, not agencies, from committing certain constitutional violations; therefore a *Bivens* action cannot be brought against the United States government).  Plaintiff does not name an individual, only the United States of America.

Moreover, even if Plaintiff had identified a proper defendant against whom a *Bivens* action could be maintained, Plaintiff has failed to demonstrate that he had a medical condition that posed a "substantial risk of serious harm" to him (the objective component), and that the defendant prison official in question was "deliberately indifferent" to that risk (the subjective component).  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  In other words, Plaintiff alleges no facts to support a plausible inference that any individual defendant acted with the subjective state of mind necessary to demonstrate a deliberate indifference to the medical care he received.

6

(4:25CV1010)

## IV. Conclusion

Accordingly, the Court dismisses Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and denies as moot Plaintiff's Motion for Subpoena (ECF No. 3), Motion for Default Judgment (ECF No. 10), and Motions to Determine (ECF Nos. 13, 14).

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


August 29, 2025
Date

/s/ Benita Y. Pearson
Benita Y. Pearson
United States District Judge